# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **WHITNEY LEON** | : | **NUMBER** |
| | : | |
| **VERSUS** | : | **JUDGE** |
| | : | |
| **DAVID RAINES COMMUNITY** | : | |
| **HEALTH CENTER, INC., ET AL** | : | **MAGISTRATE JUDGE** |

**************************************************************************

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT,** comes the United States of America, through undersigned counsel and pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §§1441(a), *et seq.*, who hereby files this Notice of Removal respectfully representing as follows:

1.      On or about April 2, 2014, a proceeding was instituted by the filing of a Petition for Damages styled *"Whitney Leon v. David Raines Community Health Center, Inc., et al"*, bearing Case No. 40,165, in the Second Judicial District Court, Claiborne Parish, Louisiana (attached as Exhibit A).

2.      That this proceeding is properly removed to this Court by virtue of the provisions of 28 U.S.C. § 1442(a)(1) as an action against the United States or an officer of the United States.

3.      The above described action is a civil action which involves the interests of the United States.  The Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, is a limited waiver of sovereign immunity and the exclusive remedy for negligent or wrongful acts or omissions of federal employees.

The FTCA is thus the basis for medical malpractice claims against government physicians, whether they are members of the uniformed services or civil service employees.

4.    The Federally Supported Health Centers Assistance Act ("FSHCAA" or the "Act"), 42 U.S.C. § 233(g)-(n), was originally enacted in 1992 and amended in 1995 in response to steadily increasing medical malpractice insurance costs that were having an adverse impact on the ability of HHS grantees to furnish primary health care services to medically under-served populations.  H. Rep. No. 104-398 at 4, reprinted at 1996 U.S.C.C.A.N. 769.

5.    To remedy this situation, the FSHCAA provides that in certain cases HHS grantees and their employees and specified contractors are "deemed" to be employees of the Public Health Service.  42 U.S.C. § 233(g)(1)(A).  Courts do not inquire into the sufficiency of the deeming process.  *See e.g.*, *Brown v. Health Service, Inc.*, 971 F. Supp. 518, 521 (M.D. Ala. 1997).  According to the Act, "The remedy against the United States [for actions of a deemed entity and its employees and covered contractors] shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a) of this section." *Id.*  Subsection (a) states that the FTCA is the exclusive remedy for "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions" by Public Health Service employees acting within the scope of employment.  42 U.S.C. § 233(a).  Consequently, one wishing to pursue a malpractice suit against a deemed health

center, or its employees or covered contractors, must comply with the terms of the FTCA, including its stringent exhaustion requirements.

6.     Plaintiff alleges medical malpractice by Dr. Benjamin Baumgardner ("Dr. Baumgardner") and David Raines Community Health Center, Inc ("David Raines CHC").  The Secretary of Health and Human Services deemed David Raines CHC eligible for FTCA malpractice coverage on January 1, 2012 and such coverage has continued without interruption since that time.  *See* Exhibit B.   Dr. Baumgardner was an employee of David Raines Community Health Center at the time of the alleged negligence, which occurred after the clinic was deemed a Community Health Center.  *Id.*  He was acting within the scope of employment at the Center, and the matter comes within the ambit of the Act.  *Id*.

7.     On the basis of the foregoing, the United States of America seeks to remove the above captioned action to the United States District Court for the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. § 1441(a).

**WHEREFORE**, the United States of America shows that all proceedings in this referenced action pending in the Second Judicial District Court, Claiborne Parish, Louisiana, are removed therefrom to the United States District Court for the Western District of Louisiana.  Furthermore, pursuant to 28 U.S.C. § 1446(d), the Second Judicial District Court, Claiborne Parish, Louisiana should proceed no further in the aforesaid action.

Respectfully submitted,

**STEPHANIE A. FINLEY**
**UNITED STATES ATTORNEY**

By:     *s/Courtney T. Joiner*_____
**COURTNEY T. JOINER  #32878**
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101-3068
(318) 676-3610 / Fax: (318) 676-3642

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to the following by First Class United States Mail properly addressed and postage prepaid.

Sarah Norwood Trouard
The Law Office of Vincent J. DeSalvo
7918 Wrenwood Boulevard, Suite A
Baton Rouge, LA  70809-1772

James R. Sterritt
Cook, Yancey, King & Galloway
P. O. Box 22260
Shreveport, LA  71120-2260

*S/Courtney T. Joiner*
_____
**Courtney T. Joiner**
**Assistant United States Attorney**

Dated:  September 17, 2014